~~SEALED~~

# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| V. | |
| DAEMEZ L. LONG | CASE NUMBER: 1:16-mj-0392 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about June 6, 2016, in Marion County, in the Southern District of Indiana defendants did,

Knowingly possessed with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Controlled Substance

in violation of Title 21, United States Code, Sections 841(a)(1),(b)(1)(B)(i). I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof.

_[signature]_
Kerry K. Inglis, Special Agent, FBI

Sworn to before me, and subscribed in my presence

June 6, 2016                           at     Indianapolis, Indiana
**Date**

Denise K. LaRue, U.S. Magistrate Judge        _[signature]_
**Name and Title of Judicial Officer**              Signature of Judicial Officer

**AFFIDAVIT**
**(Under Seal)**

This affiant, Kerry K. Inglis, Special Agent, Federal Bureau of Investigation (FBI), being duly sworn under oath states as follows:

## I. INTRODUCTION

1. I have been employed as a Special Agent of the FBI since September 2014, and has been assigned to the Indianapolis Field Office since graduation from the FBI Academy. I am currently assigned to the Indianapolis Metropolitan Safe Streets Gang Task Force. While employed by the FBI, I have investigated various federal criminal violations related to violent crimes, gangs, and criminal enterprises.

2. I am an "investigative or law enforcement officer" within the meaning of Section 2510(7), Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

3. This Affidavit is submitted in support of a Complaint charging ~~DAMAEZ~~ DAEMEZ LONG ("LONG"), DOB: XX-XX-1982, SSN: XXX-XX-1439, with possession with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(i).

4. The statements contained in this Affidavit are based in part on my experience and background as a Special Agent of the FBI, information provided by, and conversations held with other law enforcement officers and/or witnesses, including those that are described in this affidavit, including Special Agents of FBI, my observations and experiences in this investigation, and a review of reports and database records.

1

5.  I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that are believed to be necessary to establish the required foundation for this issuance of the requested criminal complaint and arrest warrant.

## II. FACTS AND CIRCUMSTANCES

6.  On June 6, 2016, Indiana State Police Trooper Adam Buchta conducted a traffic stop of a black Dodge Charger, Indiana license plate FL753AAD for failing to signal a lane change, in violation of Indiana Code 9-21-8-25, at mile marker 129.2 on I-65 North, in Boone County, Indiana, within the Southern District of Indiana. DAEMEZ *RRL* **Damaez LONG** was the passenger in the vehicle and **LONG's** girlfriend (Ashley James) was driving the vehicle.

7.  The vehicle was a rental vehicle but neither occupant could provide a rental agreement for the vehicle. Both **LONG** and his girlfriend provided differing stories as to where they were going; for instance, **LONG's** girlfriend stated they were going to Merrillville, Indiana and **LONG** stated they were going to Gary, Indiana. According to Trooper Buchta, both occupants seemed extremely nervous.

8.  At the time of the stop, Trooper Matt Wilson, a canine officer, arrived with a narcotics canine, named Barrett, with him in his vehicle. The canine has been certified to alert to the presence of controlled substances, including heroin. After approaching the vehicle and without delay, the certified narcotics canine alerted to the presence of controlled substances under the front hood of the vehicle. Both occupants granted verbal consent to search the vehicle.

9.  A search of the vehicle ensued during which time, law enforcement recovered approximately thirteen (13) ounces (approximately 368 grams) of a substance hidden under the

2

hood of the vehicle. The substance was packaged in cellophane inside of a plastic bag containing newspapers. The controlled substance field-tested positive for heroin.

10. Post-Miranda, **LONG** admitted, among other things, that the heroin under the hood of the vehicle was **LONG's** heroin. **LONG** stated that he arranged for the sale of the heroin to an individual in Lafayette, Indiana, and was driving to Lafayette to deliver the heroin before he got pulled over.

### III. CONCLUSION

5. Based upon my training and experience and the facts set forth herein, I submit that probable cause exists for the arrest of ~~DAMAEZ~~ DAEMEZ **LONG** for the following:

a. On or about June 6, 2016, in the Southern District of Indiana, defendant ~~DAMAEZ~~ DAEMEZ **LONG** knowingly possessed with the intent to distribute 100 grams or more a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Controlled Substance in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i).

Kerry K. Inglis, Special Agent
Federal Bureau of Investigation

SWORN TO BEFORE ME, AND SUBSCRIBED IN MY PRESENCE, THIS 6th DAY OF June, 2016.

Denise K. LaRue, Magistrate Judge
United States District Court
Southern District of Indiana

3